**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH CONNER and STEVEN CONNER,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; et al.,<br><br>Defendants. | Case No.: 3:18-cv-2131-H-BLM<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 3] |

On August 10, 2018, Plaintiffs Elizabeth and Steven Conner ("Plaintiffs") filed a complaint in the Superior Court of California for the County of San Diego against Defendants Ford Motor Company ("Ford") and Perry Ford of Poway LLC ("Perry Ford"). (Doc. No. 1-2.) Plaintiffs, California residents, allege that they purchased a Ford vehicle from Perry Ford, a California-based dealership, on November 2, 2007. (Id. ¶¶ 1, 5, 7.) According to Plaintiffs, the vehicle contained and developed defects. (Id. ¶ 9.) In their complaint, Plaintiffs allege six claims against Ford and one claim against Perry Ford under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). (Doc. No. 1-2.) Against Ford, Plaintiffs allege violations of California Civil Code § 1793.2 (d); California Civil

1

Code § 1793.2 (b); California Civil Code § 1793.2 (a)(3); breach of express written warranty pursuant to California Civil Code § 1791.2(a) and § 1794; breach of the implied warranty of merchantability pursuant to California Civil Code § 1791.2(a) and § 1794; and fraud by omission. (Id.) Plaintiffs allege that Perry Ford also breached of the implied warranty of merchantability under the Song-Beverly Act. (Id. ¶¶ 28–32.)

On September 13, 2018, Ford removed the action to federal court based on diversity jurisdiction. (Doc. No. 1.) On October 12, 2018, Plaintiffs filed a motion to remand. (Doc. No. 3.) On October 30, 2018, Ford opposed the motion. (Doc. No. 4.) On November 6, 2018, Plaintiffs replied. (Doc. No. 7.) A hearing on the motion to remand was held on November 13, 2018. Anh Nguyen appeared for Plaintiff, and Brian C. Vanderhoof appeared telephonically for Defendants. For the reasons below, the Court grants the motion to remand the case.

**Discussion**

**I. Legal Standard**

Federal courts are courts of limited jurisdiction. United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Provincial Gov't v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. The district court must remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). For a federal court

to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the case must satisfy the $75,000 amount in controversy requirement. See 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). "The district court ha[s] jurisdiction to determine its jurisdiction." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder 'is a term of art.'" Id. (quoting McCabe, 811 F.2d at 1339). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe, 811 F.2d at 1339). The removing defendant bears the heavy burden of proving fraudulent joinder by clear and convincing evidence. See GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)); see also Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

The defendant "is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339. "The district court, however, must resolve all disputed questions of fact in favor of the Plaintiff." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

## II. Analysis

Plaintiffs argue Ford failed to demonstrate that Perry Ford is a sham defendant, that the amount in controversy exceeds $75,000, and that Plaintiffs are citizens of California. (Doc. No. 3-1 at 8–20.) Ford argues it sufficiently alleged that Plaintiffs are citizens of California, that Ford is a citizen of Michigan and Delaware, and that Perry Ford is a sham

defendant. (Doc. No. 4 at 8, 13–26.) The Court concludes that Ford has not demonstrated that Perry Ford was fraudulently joined.

Plaintiffs allege a breach of implied warranty claim against the Perry Ford, the dealership at which they purchased the Ford vehicle at issue in this case. (Doc. No. 1-2 ¶¶ 5, 7, 28–32.) Ford first argues that Plaintiffs inadequately pled an implied warranty claim against Perry Ford because their allegations are mere conclusions. (Doc. No. 4 at 20.) However, Plaintiffs allege that they purchased the vehicle at issue from Perry Ford in 2007 and that the vehicle contained and developed a number of specific defects. (See Doc. No. 1-2 ¶¶ 7, 9.) Plaintiffs' specific factual allegations support their claim for breach of implied warranty claim against Perry Ford. Under these circumstances, Ford has not carried its heavy burden in arguing that Plaintiffs failed to allege sufficiently a claim against Perry Ford. See GranCare, 889 F.3d at 548 (citing Hunter, 582 F.3d at 1046).

Ford contends further that the implied warranty claim is barred by the statute of limitations. (Doc. No. 4 at 21–22.) Indeed, a court may find a defendant fraudulently joined if a statute of limitations applies to the claim against the defendant. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1320 (9th Cir. 1998). Under the Song-Beverly Act, the duration of the implied warranty of merchantability is one year, unless the express warranty provides a shorter period. Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297, 1304 (2009). A breach of this warranty may be based on a latent defect undiscoverable at the time of sale. Id. "[S]o long as a latent defect existed within the one-year period, its subsequent discovery beyond that time [does] not defeat an implied warranty claim." Ehrlich v. BMW of N. Am., LLC, 801 F. Supp. 2d 908, 924 (C.D. Cal. 2010). The time to bring an action for breach of the implied warranty under the Song-Beverly Act is four years. Mexia, 174 Cal. App. 4th at 1306 (2009). In addition, the statute of limitations on such claims may be tolled. See Cavale v. Ford Motor Co., 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); Jimenez v. Ford Motor Co., No. CV 18-3558, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) (noting that "equitable tolling principles . . . apply to the statute of limitations for implied warranty of merchantability claims"); Philips v. Ford Motor Co., 2016 WL

1745948, at *15 (N.D. Cal. May 3, 2016).

Here, Plaintiffs allege that they bought the Ford in 2007 and that the statute of limitations tolled under the following theories: equitable tolling, the discovery rule, the fraudulent concealment rule, equitable estoppel, the repair rule, and class action tolling. (Doc. No. 1-2 ¶¶ 7, 73.) Aside from quoting a case discussing the discovery rule, Ford has not addressed these theories that may toll that the statute of limitations. Given that it is possible that one of these theories may toll the statute of limitations, Ford has not demonstrated that Plaintiffs' claim against Perry Ford is time-barred. Accordingly, Ford has not carried its burden in showing that Perry Ford was fraudulently joined.

Finally, Ford argues that the Court should exercise its discretion under Federal Rule of Civil Procedure 21 ("Rule 21") to drop Perry Ford as a party. (Doc. No. 4 at 22–26.) Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). "[N]umerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act." Chipley v. Ford Motor Co., 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018) (collecting cases). Accordingly, the Court declines to drop Perry Ford as a party.

Because Ford has not demonstrated that Perry Ford is fraudulently joined, the Court does not need to address Ford's remaining contentions that Plaintiffs are California citizens and that the amount in controversy exceeds $75,000. Even if Ford could prove these latter arguments, Perry Ford, a California-based dealership, would defeat diversity jurisdiction.

## Conclusion

Based on the foregoing, Ford has not demonstrated that the Court has subject matter jurisdiction over this case. As a result, the Court remands the case to the Superior Court of California for the County of San Diego for lack of federal subject matter jurisdiction.

See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Finally, each party will bear their respective attorneys' fees and costs associated with the motion for remand. The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED.**

DATED: November 13, 2018

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT